KING, P.J., for the Court.
¶ 1. This is an appeal from the Chancery Court of Hinds County, Mississippi, where Robert Lynn and Veronica Jo Lockert consented to and were granted a divorce on the grounds of irreconcilable differences. Aggrieved by the chancery court’s division of marital property, Mrs. Lockert appeals. She presents two issues for this Court’s consideration, which we cite verbatim:
I.
The Chancellor erred in Awarding Mr. Lockert an equity interest in Veronica’s pre-existing home, without making a “substantial contribution” to its acquisition and without considering the substantial use and enjoyment he made of it during the period of the marriage.
II.
Alternatively, Mr. Lockert’s interest should have been awarded with the same attendant obligations as Veronica.
FACTS
¶ 2. Robert and Veronica Lockert were married on March 15, 1980, and separated in April 1999. The couple did not have any children together. Although, Mr. Loc-kert had four children from a previous marriage. The children were two, four, six, and eight when the couple married.
¶ 3. Mrs. Lockert purchased a home in 1976, four years before marrying Mr. Loc-kert. During the marriage, Mrs. Lockert was employed as an accountant, while Mr. Lockert was employed as a construction worker. His employer closed its operations in Mississippi and Mr. Lockert received a $27,000 severance payment.
¶ 4. On September 2, 1999, Mr. Lockert filed a complaint for a divorce on the grounds of habitual cruel and inhuman treatment or alternatively irreconcilable differences. On October 29, 1999, Mrs. Lockert filed an answer and counterclaim for divorce on the grounds of adultery or alternatively irreconcilable differences. On October 18, 2000, the parties filed a “Joint Motion to Withdraw Contested Pleadings.” On October 20, 2000, the parties filed a “Consent to Divorce on Irreconcilable Differences and Submission of Other Issues to the Court.” On October 20, 2000, the chancellor entered an “Order Allowing Parties to Withdraw Contested Pleadings,” and granted them a divorce on the grounds of irreconcilable differences. On October 20, 2000, the chancery court issued an opinion on the division of the marital assets. That opinion stated, “The assets of these parties which are in dispute and about which the Court is called upon to make a finding as to the character and proper distribution are approximately $50,000 cash saved by Robert during the course of the marriage, and approximately $82,000 in equity in the marital domicile.” The chancery court’s opinion stated that
[T]he martial estate should equitably be divided by an award to Robert of one-third of same, and to Veronica two-thirds. Finding the marital estate of [sic] be valued at $132,000, the above division would result in an award to Robert of $44,000, and to Veronica $88,000. The Court finds that an equitable distribution on that basis would best be accomplished by an award to Veronica of the house, and an additional $6,000 from the cash estate, and awarding to Robert the remaining cash estate.
¶ 5. On November 1, 2000, Mrs. Lockert filed a motion to reconsider the division of marital property. On November 17, 2000, the chancery court denied Mrs. Lockert’s motion. On November 28, 2000, the chan- *1269 eery court filed its final judgment following its opinion of October 20, 2000.
RESOLUTION OF THE ISSUES
¶ 6. Mrs. Loekert appeals the chancery court decision as to the equitable distribution of the marital assets. She contends that the chancery court erred in awarding Mr. Loekert an equity interest in the marital home without first determining whether he made a substantial contribution to the acquisition of the home. Alternatively, Mrs. Loekert argues that any interest in the marital domicile awarded to Mr. Loc-kert should have been awarded subject to a proportional share of the on-going cost associated with the home. These obligations include mortgage payments, taxes, and insurance.
¶ 7. This Court will not reverse the equitable division of marital property when supported by substantial evidence unless the chancery court failed to apply an appropriate legal standard or abused its discretion. Parsons v. Parsons, 741 So.2d 302, 306 (¶ 21) (Miss.Ct.App.1999). Marital property is defined as “any and all property acquired or accumulated during the marriage. Assets so acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor.” Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). The Mississippi Supreme Court has determined that non-marital property “commingled with marital assets or used for familial purposes” maybe converted into marital property. Heigle v. Heigle, 654 So.2d 895, 897 (Miss.1995).
¶ 8. The Mississippi Supreme Court has adopted guidelines to assist chancellors in the equitable division of marital property. Those guidelines are:
(1)the economic and domestic contributions by each party to the marriage,
(2) the expenditures and disposal of the marital assets by each party,
(3) the market value and emotional value of the marital assets,
(4) the value of the non-marital property,
(5) tax, economic, contractual, and legal consequences of the distribution,
(6) elimination of alimony and other future frictional contact between the parties,
(7) the income and earning capacity of each party, and
(8) any other relevant factor that should be considered in making an equitable distribution
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). The Ferguson court stated that the chancery courts must support their decisions with findings of fact and conclusions of law for the purpose of appellate review. Id. at 929. “The chancellor need not make findings as to all the Ferguson factors, but may consider only those factors he finds ‘applicable’ to the property in question.”' Carrow v. Carrow, 741 So.2d 200 (¶ 10) (Miss.1999).
¶ 9. In its decision, the chancery court determined that Mrs. Loekert purchased the marital domicile as her separate property prior to marriage to Mr. Loekert. However, its use changed its character from Mrs. Lockert’s personal property to a marital asset.
¶ 10. Based upon the evidence, the chancery court correctly concluded that the house was a marital asset. The chancery court found that the house was used for familial purposes, and that Mr. Loekert had made substantial contributions to the upkeep and maintenance of the house.
¶ 11. Both parties acknowledged that Mr. Loekert contributed to the upkeep of the house. He paid the utilities, painted and repaired, oversaw maintenance, and *1270 replaced the carpet, washer and dryer and central heating and cooling systems from his separate income. Mr. Lockert also paid the second mortgage on the home, which was used to finance Mrs. Lockert’s business and a truck for himself. Mr. Lockert also built a small shop on the property for his use.
¶ 12. The chancery court determined that the cash reserve of $50,000 saved by Mr. Lockert during the marriage should also be included in the marital property. Mr. Lockert testified that over a five-year period he was able to save $50,000. The savings was generated by Mr. Lockert’s $5200 per year vehicle reimbursement from Law Construction, $8,000 to $9,000 worth of job bonuses and savings from a regular weekly paycheck. The chancery court concluded that Mrs. Lockert, who had the greater income, provided the majority of support of the household and the persons residing therein. Therefore, it was Mrs. Lockert’s financial contributions to the household which allowed Mr. Loc-kert to save $50,000 during the marriage.
¶ 13. Before rendering its final judgment, the chancery court took up Mrs. Lockert’s motion for reconsideration. Her motion requested that a sale of the marital domicile be made so that a true equitable distribution might be realized. The chancery court denied the motion. On appeal, Mrs. Lockert argues that the two-thirds and one-third division would be equitable if there was a sale of the home, whereby the remaining obligations of the mortgage payment, taxes, insurance, and utilities, would be shared proportionately by both parties.
¶ 14. After review of the record, there is no evidence that the chancery court abused it discretion or manifestly erred in the distribution of the Lockerts’s marital property. Applying the Ferguson factors, the chancery court determined that the marital property totaling $132,000 would be distributed two-thirds to Mrs. Lockert and one-third to Mr. Lockert. The chancery court found that Mrs. Loc-kert made the greatest contribution to the accumulation of the parties marital assets. She paid the first and second mortgages (the second has been paid off). The chancery court found that as an accountant, Mrs. Lockert’s income and earning capacity were substantially greater than that of Mr. Lockert.
¶ 15. The sole remaining indebtedness on the marital home was the balance of the original purchase price. The Mississippi Supreme Court has upheld a chancery court’s decision as equitable where a husband’s income and earning capacity were diminished and a wife’s obligation to pay the mortgage after divorce was offset by her benefit from living in the home. Selman v. Selman, 722 So.2d 547 (¶ 18-19) (Miss.1998). This Court sees no abuse of discretion in the chancellor’s decision and accordingly affirms the same.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.